## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICENTE CAAL CAAL,                          )
                                                  )
                Petitioner,                )
                                                  )
      vs.                                  )    Civil Action No. 3:26-cv-00873
                                                  )    Judge Stephanie L. Haines
KURT WOLFORD, *et al.,*                      )
                                                    )
               Respondents.                )
                                                  )

## <u>MEMORANDUM OPINION</u>

Presently before the Court is Petitioner Vicente Caal Caal's ("Petitioner") pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on November 29, 2025, and is currently held at Cambria County Prison. ECF Nos. 1, pp. 3-4; 9, p. 1.

### I.    BACKGROUND

Petitioner is a national and citizen of Guatemala. ECF No. 9-4, p. 1. Petitioner reports he entered the United States around March 2006. ECF No. 1, p. 3. On November 29, 2025, Petitioner was detained by ICE, in conjunction with local police, during a traffic stop in Allegheny County, Pennsylvania. *Id.* On January 16, 2026, an immigration judge ("IJ") denied Petitioner's applications for asylum, withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act, and protection under the Convention Against Torture, and ordered Petitioner removed to Guatemala. ECF No. 9-5. Petitioner timely appealed that decision and his appeal remains pending before the Board of Immigration Appeals. ECF No. 9, p. 3.[1]

---

[1] Respondents also characterize Petitioner as subject to an administratively final order of removal. ECF No. 9, p. 8. Not so. Petitioner timely appealed the IJ's removal order and that appeal remains pending. *See* 8 C.F.R. § 1241.1(a).

1

On December 19, 2025, Petitioner filed his first habeas petition, and this Court ordered Respondents to provide him an individualized bond hearing under Section 1226(a). *Caal-Caal v. McShane*, No. 3:25-cv-00542-SLH-CBB (W.D. Pa. Feb. 10, 2026), ECF No. 12. A hearing was held on February 17, 2026, after which the IJ denied bond because Petitioner failed to establish that he was not a flight risk. *Id.* at ECF No. 14-1. On May 12, 2026, Petitioner filed a second habeas petition, pro se. ECF No. 1. Respondents filed a response in opposition, ECF No. 9, and Petitioner filed a reply, ECF No. 10.

## II.    DISCUSSION

Liberally construed, Petitioner contends that the length of his detention, together with the conditions of his confinement, the circumstances surrounding his prior custody determination, and his initial arrest, entitles him to immediate release or, in the alternative, another bond hearing with the Government bearing the burden of proving by clear and convincing evidence that continued detention is necessary.

### A.    Petitioner's entitlement to a subsequent bond hearing.

Section 1226(a) authorizes discretionary detention pending a decision concerning removal and permits release on bond or conditional parole. 8 U.S.C. § 1226(a). Unlike mandatory detention (Section 1226(c)), Section 1226(a) provides a mechanism for a detainee to seek release. *See* 8 U.S.C. § 1226(a)(2). A detainee who is denied bond may also seek a subsequent custody redetermination upon a showing that materially changed circumstances warrant further consideration. 8 C.F.R. § 1003.19(e). The Third Circuit has held that the duration of detention alone does not entitle a Section 1226(a) detainee who has already received an individualized bond hearing to a subsequent hearing. *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278-80 (3d Cir. 2018). But *Borbot* did not hold that a Section 1226(a) detainee can never become

entitled to additional process. *Id.* at 280.

The Court has previously recognized that *Borbot* does not categorically foreclose a subsequent bond hearing when the circumstances of continued detention demonstrate that additional process has become constitutionally necessary. *Fadel v. Warden*, No. 3:26-cv-00625, 2026 WL 1649901 (W.D. Pa. June 8, 2026). In making that determination, the Court found useful the four "highly fact-specific" factors identified in *German Santos v. Warden Pike Cty. Corr. Facility*, (1) the duration of detention, (2) the likelihood that detention will continue, (3) the reasons for delay, and (4) the conditions of confinement. 965 F.3d 203, 210-11 (3d Cir. 2020).

Here, the Court finds this case is materially different from *Fadel*. While Petitioner has been detained since November 29, 2025, ECF No. 1, p. 3, and he repeatedly characterizes his detention as prolonged, he does not develop an as-applied challenge demonstrating that circumstances following his Section 1226(a) hearing have rendered his continued detention constitutionally unreasonable notwithstanding the process previously afforded. Petitioner identifies no procedural defect in that February 17 hearing itself that deprived him of a meaningful opportunity to present his case or otherwise rendered that proceeding constitutionally inadequate. Instead, he principally argues that his lengthy residence in this country, family and community ties, lack of serious criminal history, and other equities demonstrate that he is not a flight risk and that continued detention is unnecessary. ECF No. 1, pp. 4–5, 7. But those contentions concern the merits of the IJ's custody determination, not the constitutional adequacy of the process afforded.

Moreover, Petitioner previously challenged the adequacy of the February 17 hearing in his first habeas action. The Court rejected that challenge, concluding that Petitioner was principally disputing the IJ's weighing of the evidence and explaining that the Court could not reweigh that evidence or review the bond determination de novo. *Caal-Caal v. McShane*, No. 3:25-cv-00542-

3

SLH-CBB (W.D. Pa. Feb. 18, 2026), ECF No. 19. Nor does he identify unreasonable Government delay or some other intervening circumstance demonstrating why his continued detention has become constitutionally unreasonable notwithstanding that custody process.

Under these circumstances, the Court does not find it necessary to conduct the full *German Santos* balancing analysis employed in *Fadel*. While the *German Santos* factors provided a useful framework in *Fadel*, neither *Fadel* nor *German Santos* established that every Section 1226(a) detainee who invokes the length or conditions of detention is entitled to a new four-factor inquiry after receiving an individualized bond hearing. Because Petitioner has not identified circumstances sufficient to distinguish his present claim from the one rejected in *Borbot*, the Court finds Petitioner has not established that due process presently requires another bond hearing, much less one at which the Government must bear the burden of proof.

**B. Petitioner's conditions of confinement allegations.**

Petitioner separately contends that the conditions under which he is detained amount to unconstitutional punishment and deliberate indifference to his medical needs. He alleges severe rationing of food and water, exposure to spoiled or contaminated food, overcrowding, unsanitary living conditions, verbal mistreatment, inadequate medical care, substantial weight loss, stress, anxiety, and an overall deterioration of his health. ECF Nos. 1, pp. 4–6; 1-1, p. 2. He seeks immediate release based, in part, on those conditions. ECF No. 1, p. 8.

To the extent Petitioner contends that the conditions of confinement are so severe that continued detention is unconstitutional and release is required, such a claim may be cognizable under Section 2241, but *"only in extreme cases." See Hope v. Warden York Cty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020). Immigration detainees are entitled to the same due-process protections as pretrial detainees. *Id.* at 325. Thus, conditions of civil detention violate due process when they

4

amount to punishment rather than serving a legitimate governmental purpose. *Id.* at 325-29. A detainee may also establish a constitutional violation based on deliberate indifference to serious medical needs. *Id.* at 329-31.

Here, Petitioner has not developed facts sufficient to establish such an extraordinary claim. His allegations concerning food, water, overcrowding, and sanitation are stated in broad terms without facts concerning their frequency, duration, severity, or the particular harm caused. Although Petitioner states that he became ill, lost weight, experienced stress and anxiety, and believes his health has deteriorated, he does not identify with sufficient specificity the medical treatment sought or denied, when he sought treatment, which officials were aware of his medical needs, or facts demonstrating that officials consciously disregarded those needs. On the record presented, Petitioner therefore has not established entitlement to immediate release under *Hope*.

Petitioner also seeks affirmative orders requiring Respondents to provide constitutionally adequate food, water, sanitation, and necessary medical treatment. ECF No. 1, p. 8. Because they seek alteration of the conditions under which Petitioner is confined rather than release from allegedly unlawful custody, such claims are not properly resolved through this habeas proceeding. Accordingly, to the extent Petitioner seeks direct remediation of the conditions of his confinement, those claims will be dismissed without prejudice to his ability to pursue any otherwise available relief through an appropriate civil action.

### C. Petitioner's remaining allegations.

Petitioner also challenges the circumstances surrounding his November 29, 2025 arrest. He alleges that he was stopped by local police, removed from his vehicle, searched, questioned, and ultimately transferred to ICE custody without being shown an arrest warrant or provided an adequate explanation for his detention. ECF No. 1, pp. 3–5. He contends that these alleged defects

render his subsequent detention unlawful. *Id.* at p. 5.

Even assuming for purposes of the present Petition that some defect occurred during the initial arrest, that would not establish that Petitioner's present custody is unlawful. The Supreme Court has recognized in the immigration context that an allegedly unlawful arrest does not, standing alone, invalidate subsequent removal proceedings. *See Immigration & Naturalization Service v. Lopez-Mendoza*, 468 U.S. 1032, 1037-40 (1984). More importantly here, Petitioner's present custody does not rest solely upon the November 29 arrest. The Government thereafter initiated removal proceedings; an IJ adjudicated his applications for relief and ordered removal; this Court determined that Petitioner is entitled to the custody process available under Section 1226(a); and Petitioner received an individualized bond hearing at which an IJ determined that continued detention was warranted because he presented a significant flight risk. Thus, any alleged defect in the original arrest does not establish an entitlement to release from his present Section 1226(a) detention.

Petitioner further alleges that he fears Respondents will retaliate against him for pursuing judicial relief by transferring him, placing him in segregation, or removing him from the United States before the Court can adjudicate his claims. ECF No. 1, pp. 4, 6-8. The Court finds these allegations to be speculative. Petitioner identifies no transfer, segregation, or other retaliatory action that has prevented him from prosecuting his claims across two habeas actions. And because his timely appeal from the IJ's removal decision remains pending, the removal order may not presently be executed. *See* 8 C.F.R. § 1003.6(a). Accordingly, Petitioner's allegations concerning his initial arrest and the possibility of future retaliatory transfer or removal do not provide an independent basis for habeas relief.

**III.   CONCLUSION**

For the reasons set forth herein, it is hereby **ORDERED** as follows:

1.  The Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** to the extent Petitioner seeks immediate release from immigration custody or another individualized bond hearing.

2.  To the extent Petitioner seeks affirmative relief requiring Respondents to alter the conditions of his confinement, those claims are **DISMISSED** without prejudice to Petitioner pursuing any otherwise available relief through an appropriate civil action.

3.  Petitioner's remaining requests for habeas relief are **DENIED**.

4.  This disposition addresses Petitioner's detention on the record presently before the Court and does not foreclose a future challenge based on materially different circumstances arising after the adjudication of this Petition.

5.  With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Date:
August 14, 2026

Stephanie L. Haines
United States District Judge